STATE *vs.* JACOB RUSSELL.

*Indictment for Selling Spirituous Liquor—Local Option Law— Agent of Buyer or Seller or of both.*

1.   If one person delivers an article of property to another and receives pay therefor, no other person being known to the buyer in the transaction, the person who delivers the article is presumed to be the seller.

2.   Under the statute (*Chap.* 65 *Vol.* 24 *Laws of Delaware*) known as theLocal Option Law, if a person sells spirituous liquor to another,whether acting for himself or as the agent for another, and  whether the  whiskey belongs to himself or to some other person,if he effects the sale he is guilty of a violation of the statute.

3.   Even though the jury should believe that the defendant was acting as the agent or messenger of the prosecuting witness when he delivered to him whiskey, nevertheless if they should believe that he was at the same time acting as the agent or representative of the owner of the whiskey, or was himself the owner, and effected the sale thereof, he would be guilty of a violation of the statute.

(*February* 21, 1908.)

LORE, C. J., and PENNEWILL, J., sitting.

*James M. Satterfield*, DeputyAttorney-General, for the State.

*Richard R. Kenney* for the defendant.

Court of General Sessions, Kent County, February Term, 1908.

INDICTMENT for selling spirituous liquor, the same not being sold for medicinal or sacramental purposes, in violation of *Chapter 65, Volume 24, Laws of Delaware.*

The Court charged the jury as follows:

Gentlemen of the jury:—The prisoner at the bar, Jacob Russell, is charged in this indictment with selling, on the 28th day of January of the present year in the town of Dover in this county, spirituous liquor, to wit, whiskey, to one Elmer Melvin, the same not being sold for medicinal or sacramental purposes.

The indictment is based upon a statute of this State known as the Local Option Statute, being *Chapter 65, Volume 24, Laws of Delaware,* approved March 21, 1907. Under said statute it is "unlawful for any person or persons, firm, company, association or corporation, or the agent, officer or servant of any firm, company, association or corporation, to manufacture or sell spirituous, vinous or malt liquors, except for medicinal or sacramental purposes," etc.; and it was unlawful to do so on the 28th of January last.

It is not denied by the prisoner that he delivered to the prosecuting witness, Melvin, in the town of Dover on the 28th day of January last, a quantity of whiskey and received the money or pay therefor. It is not claimed by the prisoner that any person was known to Melvin in the transaction but the prisoner himself.

We say to you it is well settled that if one person delivers an article of property to another and receives pay therefor, no other person being known to the buyer in the transaction, the person who delivers the article is presumed to be the seller. And we further say that under the Local Option Statute to which we have

referred, if a person sells spirituous liquor to another in Kent county, whether acting for himself or as the agent of another, and whether the whiskey belonged to himself or to some other person, if he effects the sale he is guilty of a violation of the statute. Even though you should believe that the prisoner was acting as the agent or messenger of the prosecuting witness, Melvin, when he delivered to him the whiskey, nevertheless if you should believe that he was at the same time acting as the agent or representative of the owner of the whiskey, or was himself the owner, and effected the sale thereof, he would be guilty of the offense charged in this case.

It is your duty, gentlemen, to consider carefully the evidence in the case and apply thereto the law as we have stated it. If after so doing you are satisfied beyond a reasonable doubt that the prisoner effected the sale of the whiskey as alleged in the indictment, your verdict should be guilty. But if after a careful consideration of all the evidence you should entertain a reasonable doubt of the prisoner's guilt, your verdict should be not guilty.

We say to you, however, that by reasonable doubt is not meant a vague, speculative or mere possible doubt, but a real, substantial doubt, such as remains in the minds of the jury after a careful consideration of all the evidence in the case.

The jury disagreed.

———•———

NOTE. At the succeeding April Term of the Court, upon a re-trial the defendant was acquitted.